UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRED DANIEL REEVES, JR., #241575

    Plaintiff,

v                                                       Case No. 4:04 cv 58

FREDRICK BANDT,                          Hon. Wendell A. Miles
STEVEN BARBER, "ET AL."

    Defendants.

_____/

ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

This is a *pro se* civil rights action filed by a Michigan prisoner under 42 U.S.C. § 1983. On February 7, 2005, United States Magistrate Judge Ellen S. Carmody issued a Report and Recommendation ("R & R") recommending that the motion for summary judgment filed by two of the defendants, Bandt and Barber, be denied. On March 31, 2005, the court issued an Order in which it rejected the conclusions reached by the Magistrate Judge and instead concluded that defendants Bandt and Barber were entitled to summary judgment in their favor on plaintiff's claims against them. The matter is currently before the court on plaintiff's motion for reconsideration of that Order (docket no. 86). For the reasons to follow, the court **denies** the motion.

**Discussion**

W.D. Mich. L.Civ.R. 7.4(a) provides that a movant seeking reconsideration "shall not

only demonstrate a palpable defect by which the Court and the parties have been misled, but also show that a different disposition of the case must result from a correction thereof."

Plaintiff seeks reconsideration of the court's conclusion that he failed to state a claim for denial of his First Amendment rights because he failed to allege actual injury in the form of prejudice to litigation. In his motion, plaintiff essentially argues that he need not allege actual injury in order to state a First Amendment retaliation claim based on a deprivation of unspecified "legal property" in April, 2002. According to plaintiff, he has stated a claim by simply alleging interference with his "legal property." However, plaintiff is simply wrong, for the reasons stated by the court in its March 31, 2005 Order. Moreover, plaintiff has not to date supplied the court with specific, nonconclusory allegations which indicate that he suffered a cognizable injury due to the deprivation of any legal papers.

Plaintiff also seeks reconsideration of the court's conclusion that he has no claim for relief against defendants Bandt and Barber under the Eighth Amendment based on being struck with a plunger handle and sprayed with an unknown chemical because he suffered at most only de minimis physical injury for purposes of 42 U.S.C. § 1997e(e). In his motion, plaintiff appears to dispute the court's conclusion that any injury he suffered was de minimis, for he argues that he was "not . . . able to see for two days due to buring [sic] eyes." However, as the court has previously noted, plaintiff himself admits that any eye irritation he experienced had ceased by the time he saw a nurse three days after the incident. Moreover, plaintiff does not claim to have suffered any lasting injury. Under the circumstances, the court declines to reconsider its previous

conclusion that plaintiff's alleged injury was de minimis. See Jarriett v. Wilson, 414 F.3d 634, 641 (6th Cir. 2005) (swelling, pain, and cramps in leg which produced no medical findings by staff constituted no more than de minimis injury for purposes of § 1997e(e)).

## CONCLUSION

Plaintiff's motion identifies no specific grounds for relief from the court's order. The court therefore **DENIES** plaintiffs' motion for reconsideration.

So ordered this 12th day of December, 2005.

Dated: December 12, 2005               /s/ Wendell A. Miles
                                       Wendell A. Miles
                                       Senior U.S. District Judge